McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-15 JAM |
|---|---|
| Plaintiff, | UNITED STATES'S SENTENCING MEMORANDUM |
| v. | |
| MICHAEL ANAYA OTERO, | |
| Defendant. | |

The Sentencing Guidelines are correctly calculated in this case, resulting in an offense level of 37, criminal history category I, resulting in a range of 210-262 months imprisonment. The guidelines range accurately captures the entirety of defendant Michael Anaya Otero's criminal conduct in this case, and there is no basis for a downward variance, let alone a variance as substantial as that recommended in the PSR and sought by the defendant. Anaya has demonstrated a pattern of dangerous interest in young teenage girls. He has committed two hands-on offenses, and used his contact with the girls, both in-person and online, to create child pornography. Minimizing his actions as sexting or some manner of romantic relationship ignores the totality of the criminal conduct which Anaya was engaging in repeatedly until he was caught by law enforcement at the Canadian border. The Guidelines are a fair synthesis of the totality of Anaya's criminal conduct, and the United States requests a low-end sentence of 210 months.

I. **ANAYA TRAVELED TO THE SACRAMENTO AREA TO HAVE SEX WITH A MIDDLE SCHOOL STUDENT**

Anaya was an adult male, age 19, with a completed high school degree and employment, when he made the decision to purchase a plane ticket and travel from his home in New Jersey to Rocklin, California, and pick up Juvenile Victim 1 from her middle school campus, take her to a hotel room, and have sexual intercourse with her. Juvenile Victim 1 was just 13 years old at the time.

Anaya repeated the crime again nine months later when he again flew to California, again for the purpose of engaging in sexual intercourse with Juvenile Victim 1.

These two trips are hands-on offenses that Anaya now, concerningly, describes as a "relationship" based on "love." CR 51 at 2. A middle school student is not capable of consenting to any of the things Anaya describes: being "intimate," being in a "real relationship," getting "back together" with an adult male. *Id.* That moment of clarity should have come for Anaya when he took the steps to arrange the logistics of air travel to Sacramento, or at the very least when he stood outside Juvenile Victim 1's middle school to await her dismissal.

Anaya discusses Juvenile Victim 1's subsequent "relationship" with other adult males. CR 51 at 2-3. The purpose of bringing up Juvenile Victim 1's subsequent history of additional inappropriate sexual contact is unclear. Anaya does not appear to acknowledge the role that he himself played in victimizing Juvenile Victim 1, rendering her more vulnerable to future inappropriate encounters with adult men both on the internet and in person.

II. **ANAYA KEPT IMAGES OF HIS ENCOUNTERS WITH HIS FEMALE TEENAGE VICTIMS**

Anaya also kept digital images of his encounters with his teenage victims. This is a separate offense, that Anaya flippantly refers to as "sexting," a term that minimizes the potential for ongoing harm to the victims of these crimes. Anaya pleaded guilty to retaining a souvenir image of his second in-person encounter with Juvenile Victim 1—a close-up photo of Juvenile Victim 1 with her mouth on the tip of Anaya's erect penis and holding the penis in her right hand.

Just six months after this second sexual encounter with Juvenile Victim 1, Anaya engaged in sexually explicit online contact with Juvenile Victim 2, a 14-year-old high school freshman living in El

Dorado County.  Anaya sent Juvenile Victim 2 images of his penis and asked her to transmit sexual images of herself.  Eventually he persuaded Juvenile Victim 2 to send him an image of herself inserting her fingers into her vagina.

Anaya kept these digital images on his cell phone, along with digital images of other unidentified young females he had also met over the internet.  The production of child pornography cross-reference applies in this case because causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct is a separate, serious type of offense that deserves to be punished in addition to the underlying sex acts.  U.S.S.G. § 2G1.3(c)(1).  Once a defendant has caused the creation of child pornography, the juvenile victim has no ability to predict or control what will happen to that image of herself.  The image can exist on the internet or on electronic devices indefinitely, creating a permanent record of the juvenile victims at their most vulnerable.  "[C]hild pornography is pernicious precisely because the harm it produces is not limited to the sexual abuse it depicts."  *United States v. Klug*, 670 F.3d 797, 800–01 (7th Cir. 2012); *see also New York v. Ferber*, 458 U.S. 747, 760 n. 10 (1982) ("Because the child's actions are reduced to a recording, the pornography may haunt [her] in future years, long after the original misdeed took place."); *Osborne v. Ohio*, 495 U.S. 103, 111 (1990) ("pornography's continued existence causes the child victims continuing harm by haunting the children in years to come"); *United States v. Blinkinsop*, 606 F.3d 1110, 1118 (9th Cir.2010) (laws punishing receipt and possession of child pornography create incentive to destroy materials and thus alleviate the continuing harm inflicted on child victims whose "images have been preserved in a permanent medium").

The images to which Anaya pleaded guilty are precisely the type of image that can cause the continuing harm described in the case law.  The image of Juvenile Victim 1 is of her face, with her mouth touching the tip of Anaya's erect penis.  The image of Juvenile Victim 2 has her first name written across the bottom of the screen, and the shot itself is a close-up of her vagina.

Anaya minimizes his role in causing the creation of these images, effectively suggesting that all young people sext, and that eventually the criminal code will be updated to reflect that reality.  But Anaya was an adult when he caused the juvenile victims to create these images, and he was 21 when he

still had the images, well after the "relationships" were over.  He maintained these images of child pornography on his cell phone, which he attempted to bring with him into Canada, where he was intending to meet another teenage girl he had met on the internet.  Anaya's reckless handling of these images of the juvenile victims in this case shows the danger to the victims of child pornography production.  Anaya states that he never distributed or shared these images.  CR 51 at 5.  But his claim is nearly impossible to verify, and his maintenance of the images on the cell phone he was still using during his would-be trip to Canada, in a car that also contained three other cell phones, a bra, and condoms, suggests that Anaya is not a trustworthy guardian of such contraband.

Anaya should never have enticed the victims to engage in the sexual acts in the first place, but his creation and retention of potentially permanent documentation of the acts is additional criminal conduct that should be punished in accordance with the Guidelines.

### III.     ANAYA ENGAGED IN A DANGEROUS PATTERN OF CONDUCT BEFORE HE WAS CAUGHT

Finally, as noted in the PSR, in addition to the conduct to which Anaya pled guilty, the case began when Anaya was attempting to enter Canada just five months after the sexually explicit online contact with Juvenile Victim 2.  PSR ¶ 5.  Anaya believed he was going to meet a 15-year-old girl in a McDonald's parking lot, someone he had met on Snapchat.[1]  By then, Anaya was 21.

Canadian border officials denied entry, and Anaya was returned to the United States, where he was interviewed by an HSI Special Agent.  Anaya admitted to the Special Agent that he had images of girls under age 18 on his cell phone (an admission showing his awareness that he retained the illicit images on the phone).  The phone contained approximately 15 videos of girls masturbating with their fingers, and Anaya told the agent the girls were between the ages of 14 and 16.  PSR ¶ 8. Two of the girls in the videos were Juvenile Victim 1 and Juvenile Victim 2, but there were additional, unidentified juvenile victim(s) in the videos that Anaya could not name.

The presence of these additional images of child pornography, together with the potential for additional hands-on conduct in the failed Canada trip, are concerning, and cut against the narrative that

---

[1] The PSR indicates that HSI contacted the Canadian girl's mother, who indicated that she was actually 18, but regardless of the girl's actual age, Anaya believed he was meeting a girl of 15, which is evidence of his continued dangerousness, that he was not outgrowing his interest in juvenile females.

4

Anaya has advanced of a failed romantic relationship.  To reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant, this Court should not vary, but should instead sentence at the low end of the Guideline range.  18 U.S.C. § 3553(a).

The PSR recommends a substantial variance and/or departure on the basis of Anaya's youth and difficult childhood.  The government disagrees with the basis for the recommended departure and variance in the PSR; none is warranted in this case.  The PSR recommends a downward departure on the basis of age, U.S.S.G. § 5H1.1, which provides: "Age (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."  PSR ¶ 92.  The facts of this case do not bear out the application of this guideline section.  Anaya's crimes were not crimes of impulse.  They required planning.  Over weeks, Anaya made contact with the victims and earned their trust.  For the travel to have sex with Juvenile Victim 1, he had to plan the logistics of the travel in advance, not once, but twice, including air travel and hotel stays.  Anaya was young when he committed the offenses, but his age does not distinguish his case from the typical case covered by the Guidelines.  Furthermore, paragraph 92 of the PSR is somewhat misleading in that the suggestion is that Anaya committed the criminal conduct from ages 19-21, and that the criminal conduct then ended.  In actuality, Anaya's pattern of criminal conduct was interrupted when he was refused entry into Canada, leading to the investigation and his arrest in this case; he has been in custody since January 2018, two months after the Canada incident.  There is no evidence before this Court that Anaya will be any less dangerous once he turns 25 (PSR ¶ 94), or that it was his age, or his height, or his learning disability, that caused him to commit these crimes, as opposed to a proclivity for young teenage girls.

The PSR also references Anaya's difficult childhood and lack of prior criminal history.  PSR ¶ 98.  The United States acknowledges the apparent difficult circumstances of Anaya's upbringing, but the PSR does not adequately link this history to the criminal conduct in this case.  Anaya was not the victim of sexual abuse, nor does he have any incidents in his past that would explain his actions toward young teenage girls.  In recognition of Anaya's lack of criminal history and contrition, the government recommends a sentence at the low end of the Guidelines, 210 months—a sentence that serves the §

3553(a) purposes of deterrence, just punishment, and protection of the public.

Dated:  February 18, 2020            McGREGOR W. SCOTT
                                                       United States Attorney

                                       By:  /s/ AUDREY B. HEMESATH
                                                AUDREY B. HEMESATH
                                                Assistant United States Attorney